[Civ. No. 26010.   Second Dist., Div. Four.   Oct. 16, 1962.]

LEON M. PITTENGER, Plaintiff and Appellant, v. COL-
LECTION AGENCY LICENSING BUREAU, Defendant
and Respondent.

John S. Byrnes, Jr., for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Defendant and Respondent.

BURKE, P. J.—Petitioner filed an application with the Collection Agency Licensing Bureau for registration as an employee of a collection agency. After an administrative hearing, petitioner's application was denied under the Business and Professions Code, sections 6894.7, subdivisions (a) and (b), which specify grounds for refusal to register an employee; and 6930, which sets forth grounds for suspension or revocation of license. Petitioner sought a writ of mandate in the superior court alleging that the finding of fact made by the hearing officer and adopted by Collection Agency Licensing Bureau was supported only by slight evidence. The entire record of the administrative proceeding was before the trial court, and the matter was argued by counsel and submitted. The court made its own findings of fact and conclusions of law, and judgment was entered denying the petition for writ of mandate. This is an appeal from the judgment.

While employed by a collection agency, petitioner telephoned the personnel office of the Bendix Corporation. Petitioner stated to the personnel clerk that he was Mr. Anderson from the American Red Cross, and he was trying to reach one of their former employees whose brother was in town on an emergency leave. The personnel clerk advised "Mr. Anderson" that it was against company policy to give out either past or present employee addresses. She stated, however, that she would check with her supervisor in this case and call him back. "Mr. Anderson" furnished her with two telephone numbers.

The personnel clerk explained "Mr. Anderson's" request to the supervisor and suggested that since this was the Red Cross calling perhaps the rules should be waived. The supervisor replied, "Well, yes, I guess in that case it's all right; go ahead and give it to him." She returned the call, and the answering party stated, "The American Red Cross, Mr. Anderson." The personnel clerk was suspicious and inquired, "Mr. Anderson, where is your office located, the American Red

Cross office that you work for?'' He gave an address, and after a quick check she found that it did not correspond with the American Red Cross address which was listed in the telephone directory. When confronted with this inconsistency, ''Mr. Anderson'' explained, ''I am in a branch office.'' His response was so calm and smooth that the personnel clerk decided she was probably being an alarmist, and she proceeded to furnish the address of the former employee.

Petitioner admitted that he falsely represented himself to be ''Mr. Anderson.'' He states, however, that he falsely represented that he was calling for Red Cross Shoes rather than the American Red Cross. Petitioner admitted that when the personnel clerk returned his call he was aware of her impression that he was from the American Red Cross. He did not attempt at any time to correct this misimpression. Petitioner also admitted that this act was committed in the course of his employment as an employee of a collection agency, and that the act was committed for the purpose of locating a debtor.

The two sections of the Business and Professions Code of which petitioner's act was found to be in violation, read:

*Section 6894.7*

''After a hearing the director may refuse to register an employee . . . if the individual has:

''(a) Committed any act which, if committed by a licensee, would be a ground for the suspension or revocation of a license under this chapter.

''(b) Committed any act constituting dishonesty or fraud.''

*Section 6930*

''If it be found upon the hearing, . . . that the licensee or employee has wilfully violated any of the provisions of this chapter [§§ 6850-6956] . . . or that he has been guilty of fraud or misrepresentation, . . . the director shall . . . render the decision which may:

''(a) Order the revocation of the license or licenses . . . or order any accused employee disqualified from further employment in the collection agency business.

''(b) Order the license or licenses suspended. . . .''

The primary contention on appeal is that the administrative tribunal and court erred in finding that petitioner committed

an act in violation of general provisions of the statute when the facts establish that petitioner's acts were in violation of a particular provision of the statute which is inconsistent with the general provisions.

Petitioner urges that section 6947, subdivision (j) of the Business and Professions Code is the particular provision of the statute which his act violated. This section provides:

"No licensee or employee shall:

" . . . . . . . .

"(j) Use any name while engaged in the collection of claims, other than his true name, except under conditions prescribed by rules and regulations adopted by the director."

There is no merit whatever in this contention. Applicant's conduct plainly violated the provisions of section 6894.7 which is the section having a direct bearing upon the right of the director to refuse to register an employee. The fact that the director could have chosen section 6947(j) as being more descriptive of the conduct which, if committed by licensee, would be a ground for suspension or revocation of a license is of no import. The acts committed constituted misrepresentation which would also justify a licensee's license being suspended or revoked under section 6930.

Petitioner also contends that his act did not constitute a wilful violation of the statute, nor did the administrative tribunal or the court make a finding that he wilfully violated any section of the code. Section 6930 provides for the revocation or suspension of a license when the licensee "has wilfully violated any of the provisions of this chapter." Under section 6894.7, subdivision (a) this would also be grounds for refusal to register an employee.

In statutory offenses "wilfully" implies only a willingness to commit the act, unless otherwise apparent from the context of the statute. Section 7 of the Penal Code provides that within the Penal Code "wilfully" does not require an intent to violate the law. This definition of the term "wilfully" has been adopted in reference to prohibitions and regulations in other codes created under the state's police power. (*Bay Shore Laundry Co.* v. *Industrial Acc. Com.*, 36 Cal.App. 547, 551 [172 P. 1128].) Absent any contrary legislative intent we hold that the same interpretation is proper here.

The refusal to register petitioner was also under section 6894.7, subdivision (b) on grounds that he committed

an "act constituting dishonesty or fraud." No special intent is required under this subsection. The terms "dishonesty or fraud" as used in this statute are not designed to serve as standards of precise measurement of conduct. Clearly the terms extend beyond acts which are criminal to embrace misrepresentation and deception committed with an intent to gain an advantage over another. (*Wayne* v. *Bureau of Private Investigators & Adjusters*, 201 Cal.App.2d 427, 436, 437 [20 Cal.Rptr. 194].)

The conclusion is inescapable that petitioner's act of deceiving a debtor's former employer into believing he was a representative of the American Red Cross whereby he was able to obtain information otherwise unavailable to him was an act constituting dishonesty or fraud within the meaning of section 6894.7, subdivision (b) of the Business and Professions Code.

The judgment is affirmed.

Jefferson, J., and Ford, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.